UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Petitioner,                             Case No. 1:07-mc-55

v                                                Hon. Gordon J. Quist

WILLIAM ROZELLE,

                Respondent.

_____/

**REPORT AND RECOMMENDATION**

This is a proceeding to judicially enforce an Internal Revenue Service summons issued on December 7, 2006, by Wayne Nelson, a Revenue Officer of the Internal Revenue Service, to the respondent pursuant to 26 U.S.C. § 7602. The summons arises out of an investigation into the tax liability of the respondent for the calendar years ending December 31, 2003 through December 31, 2005. Respondent never appeared in response to the summons.

A petition to enforce the summons was filed in this court pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) on May 7, 2007. On May 16, 2007, an Order to Show Cause was entered directing respondent to show cause on December 12, 2007 why he should not be compelled to obey the summons. Pursuant to the Order to Show Cause, respondent was directed to file and serve a written response to the petition within five days of his receipt of the petition. Respondent failed to do so. Respondent was also directed to submit in writing to the court at least five days prior to the show cause hearing, any defenses or motions he had to present in opposition to the petition. On July 1, 2007, respondent sent a letter that he chose to entitle a "legal notice" to the U.S. Attorney, but did

1

not file it in this court.  In an abundance of caution, the U.S. Attorney filed a response to the "legal

notice" with the court and attached a copy of respondent's letter.  The letter appears to challenge the

jurisdiction of the court.

The authority of the Internal Revenue Service to utilize administrative summonses

to inquire pertaining to persons who may be liable to pay an Internal Revenue tax, 26 U.S.C. § 7601,

and the jurisdiction of this court to enforce such summonses, is well established.  The Secretary of

the Treasury, or the Internal Revenue Service as his designee, may "examine any books, papers,

records or other data which may be relevant or material to. . ." ascertaining the correctness of any

return and may issue summonses to those "in possession, custody, or care" thereof to appear and

produce them to the IRS.  *LaMura, supra,* 978-979 (quoting 26 U.S.C. § 7602).  *See, also, UmLauf

v. United States,* 1999 WL 501011 (W.D. Mich. 1999).  In turn, this court has jurisdiction to enforce

an Internal Revenue Service summons.  26 U.S.C. § 7402(b) states:

> If any person is summoned under the Internal Revenue Laws to
> appear, to testify, or to produce books, papers or other data, the
> district court of the United States for the district in which such person
> resides or may be found shall have jurisdiction by appropriate process
> to compel such attendance, testimony, or production of books, papers,
> or other data.

*See also,* § 7604(a).  "As a constitutional matter, a federal court may exercise *in persona* jurisdiction

over an individual if the individual had adequate contacts with the district such that assertions of

jurisdiction would not impose an unfair burden.  *Handley v. Indiana & Michigan Elec. Co.,* 732 F.2d

1265 (6th Cir. 1984).  As a formal matter, the district court obtains jurisdiction over an individual

in a summons enforcement act by service of process upon him. . . " *United States v. VanderZand,*

1997 WL 572692 (W.D. Mich. June 3, 1997).

On the basis of the petition, the declaration of Revenue Officer Wayne Nelson, and the testimony and evidence offered at the hearing, I find petitioner has satisfied its burden of establishing a *prima facie* case that the investigation of the respondent referred to in the petition is being conducted pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served on the respondent is relevant to that purpose, that the information sought thereby is not already within the possession of the Internal Revenue Service, and that the administrative steps required by the Internal Revenue Code to obtain such information have been followed. *See, United States v. Powell,* 379 U.S. 48, 57-58 (1964); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3rd Cir. 1979). I further find that there is no referral for criminal prosecution of the taxpayer for the years under investigation in effect at this time. I further find respondent was adequately served with an attested copy of the summons and that he failed to appear in response thereto.

Once a *prima facie* case has been established, the burden shifts to the respondent to disprove one of the elements of the government's *prima facie* showing or prove that enforcement of the summons would be an abuse of the court's process. *See LaMura v. United States,* 265 F.2d 274, 279-80 (11th Cir. 1985)(citations omitted).

Respondent appeared at the hearing on the Order to Show Cause and attempted to assert the long discredited argument that the Internal Revenue Service can issue a summons only with respect to alcohol, tobacco and firearms taxes. It is patent that § 7602 is not so limited. A summons can be issued to determine the tax liability of "any person." *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 311 (1965); *see, also, Watts v. United States,* No. 94-56029, 1995 WL

163610, at *1 (9th Cir., April 7, 1995).  This court has repeatedly rejected respondent's argument.

*See UmLauf, supra; United States v. VanderZand.*  Petitioner's argument lacks legal suport.

Since respondent has failed to raise any legitimate argument to demonstrate why the summons should not be enforced, I respectfully recommend that the petition to enforce Internal Revenue Service summons (docket no. 1) be GRANTED and an order be entered compelling respondent to comply with the terms of the summons heretofore served upon him and that said order specify a time, date and place for such compliance.

Entered: July 19, 2007                                    /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).